Russell S. Buhite, OR 14529
Russell.Buhite@ogletree.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
1201 Third Avenue, Suite 5150
Seattle, WA  98101
Telephone:     206-693-7052
Fax:               206-693-7058

      Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| DAVID BLACK,<br><br>      Plaintiff,<br><br>v.<br><br>HARTFORD LIFE & ACCIDENT INSURANCE COMPANY,<br><br>      Defendant. | Case No.: 3:17-cv-01785-HZ<br><br>**MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL PRODUCTION** |

Defendant, Hartford Life and Accident Insurance Company ("Hartford") files this Memorandum in Opposition to Plaintiff's Motion to Compel Production.  For the reasons stated and authority, and evidence cited below, Plaintiff's Motion should be denied.

## I.    INTRODUCTION

Plaintiff filed a claim for LTD benefits based on a primary diagnosis of Atypical Parkinson's Disease.  He received LTD benefits from December 6, 2005 through August 30, 2016.  In an effort to determine the ongoing severity of his condition and functionality, Hartford referred him for an Independent Medical Examination ("IME") through a third-party vendor, which was performed on June 14, 2016. The IME doctor opined that the examination results showed only a non-organic type of tremor, that Plaintiff's asserted physical limitations were

1 – MEMORANDUM IN OPPOSITION TO
MOTION TO COMPEL PRODUCTION

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150  | Seattle, WA 98101
Phone:  206-693-7057  | Fax: 206-693-7058

exaggerated, and that his observed symptoms were inconsistent with the diagnosis of Atypical Parkinson's Disease. The IME doctor, neurologist Robert Egan, MD, also noted that the observed physical symptoms were not seen in the surveillance video, which showed him running errands, walking, shopping at the grocery store, getting his hair cut and walking into the bank to transact business, and later using an automated teller machine (ATM). Dr. Egan followed up with Plaintiff's treating physician, Dr. Taylor, who indicated that he neither agreed nor disagreed with Dr. Egan's findings, and had no opinion as to the whether or not Plaintiff was disabled. Hartford denied further disability benefits on August 31, 2016, not based on some "pattern and practice of abuse of discretion" alleged by the Plaintiff, but rather on a full and fair review of the record, which included the results of an in-person IME, review of all of the medical information in the file, consideration of treating physician opinions, an employability analysis, surveillance, and an interview of the Plaintiff.

The parties agree that the Court will determine whether Plaintiff is entitled to LTD benefits under the Plan based on a discretionary (arbitrary and capricious) standard of review. Plaintiff has served a far-ranging request for production of documents, including material well beyond the claim file, to include documents that courts in both Oregon and Washington have denied in conflicts discovery in ERISA cases. The present Motion to Compel filed by Plaintiff largely concerns ERISA conflict discovery and should be governed by the established relevant case authority.

## II.     ARGUMENT

### A.     SCOPE OF ERISA CONFLICT DISCOVERY

Rule 26, *Fed.R.Civ.P.* requires that discovery be "relevant to any party's claim...and proportional to the needs of the case." In this case, the discovery that is the subject of Plaintiff's

2 – MEMORANDUM IN OPPOSITION TO
MOTION TO COMPEL PRODUCTION

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150  | Seattle, WA 98101
Phone:  206-693-7057  | Fax: 206-693-7058

Motion to Compel constitutes an irrelevant fishing expedition impermissible under the federal rules, as the requests at issue go beyond the proportional needs in this case.

In ERISA cases such as this one, governed by the arbitrary and capricious standard of review, with limited exceptions, discovery beyond the administrative record is not generally permitted. Discovery plays a far more limited role because the primary purpose of ERISA is "to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously." *Boyd v. Bert Bell/Pete Rozelle NFL Players Retirement Plan*, 410 F.3d 1173, 1178 (9th Cir. 2005); *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970 (9th Cir. 2006); *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1162-63 (9th Cir. 2010)(precluding "unnecessarily broad discovery that slows the efficient resolution of an ERISA claim").

Discovery beyond the record is permitted to determine the effect of a conflict of interest created when an ERISA claim administrator both decides and pays benefit claims. *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008). Here, the only thing for the Court to weigh is the effect, if any, of the purely structural conflict on Hartford's decision to terminate Plaintiff's long-term disability benefits. Although the Court may consider evidence outside the administrative record for the limited purpose of deciding the nature, extent, and effect on the decision making process of any conflict of interest, "the decision on the merits … must rest on the administrative record once the conflict (if any) has been established, by extrinsic evidence or otherwise." *Id.*; *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970 (9th Cir. 2006).

While some discovery aimed at the nature, extent, and effect of a structural conflict of interest on the claims decision is permitted, this Court and others within the circuit have held that discovery in ERISA cases involving asserted conflict should only be allowed when "narrowly

3 – MEMORANDUM IN OPPOSITION TO
MOTION TO COMPEL PRODUCTION

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150  | Seattle, WA 98101
Phone:  206-693-7057  | Fax: 206-693-7058

tailored to significantly illuminate the conflict's effect on the specific benefit decision under review" and should not be so broad as to constitute a fishing expedition. *Baldoni v. Unumprovident*, 2007 WL 649295, *7 (D. Or. 2007)("[D]iscovery should only be allowed when narrowly tailored to significantly illuminate the conflict's effect on the specific benefit decision under review"); *Bartholomew v. Unum Life Ins. Co.*, 579 F.Supp.2d 1339, 1342 (W.D. Wash. 2008); *Leu v. Cox Long-Term Disability Plan*, 2009 WL 2219288, *3 (D. Ariz. 2009). In order to warrant conflict discovery of the sort that Plaintiff here seeks, he must demonstrate that a structural conflict of interest adversely impacted the administrator's fiduciary obligations to the Plaintiff. That Plaintiff has failed to do.

**B.    ERISA DISCOVERY CASE LAW SUPPORTS DENIAL OF PLAINTIFF's MOTION TO COMPEL**

Plaintiff's Motion seeks to compel three categories of discovery: (1) financial information regarding vendors and consultants with whom Hartford contracted for purposes of this claim; (2) performance evaluations and other personnel file information for claims professionals and other Hartford employees, together with an organizational chart; and (3) documents that Plaintiff thinks exist that may or should be in the claim file such as communications with vendors and consultants. The Motion should be denied for the reasons stated and authority cited below as to each issue presented. The document discovery at issue is not narrowly tailored to significantly illuminate the asserted structural conflict's effect on the specific benefit decision under review. Moreover, Hartford has already produced to Plaintiff its entire claim file maintained on this claim, representing 1,186 pages, videotape of surveillance, and audio recording of the interview of the Plaintiff. The requested additional material is not proportional to the needs of the case, represents an improper fishing expedition, and is not appropriate discovery in this ERISA benefits case governed by the arbitrary and capricious

standard of review.  The particular categories at issue are discussed in detail below.

C.    **CATEGORIES OF DOCMENTS SOUGHT**

1.    **Documents Pertaining to Financial Relationship with MES, HUB Investigations, and Dr. Robert Egan**

Plaintiff seeks an order compelling responses to Requests for Production Nos. 12-16 as to the financial relationship between Hartford and vendors, consultants HUB Investigations, MES, and Dr. Egan.

Courts in this Circuit and elsewhere have found that discovery requests pertaining to financial arrangement between vendors, consultants, and ERISA Plan claims administrators should be limited to cases where the plaintiff makes a specific factual showing of misconduct or bias in the administrator's review of the claim.  *See Takata v. Hartford Life & Acc. Ins. Co.*, 2012 WL 12830390, *5 (E.D. Wash. 2012), citing with approval *Semien v. Life Ins. Co. of North America*, 436 F.3d 805 (7th Cir. 2006).  Document requests pertaining to financial arrangements with vendors and consultants should be denied as unduly burdensome when the compensated reviewing physicians or vendors merely reviewed medical records or examined the claimant. *Semien*, 436 F.3d at 813-14 (discovery into financial relationship between carrier and reviewing physicians denied where there is no evidence presented of a failure to conduct a "genuine evaluation"; distinguishing cases where there is prima facie showing of bias).  Here, the Plaintiff has not made a sufficient showing that vendors MES (or the independent reviewing physician Dr. Egan engaged by MES) and HUB Investigations failed to conduct genuine evaluations or engaged in any impropriety in selecting a reviewing physician or conducting surveillance.

As regards to these requests and vendors, Hartford has appropriately walled off its claims functions between claims and appeals decision-makers and has ensured as well that they are not involved in any Hartford financial decisions.  *See* Affidavit of Karen Haselmayer, Senior

5 – MEMORANDUM IN OPPOSITION TO
MOTION TO COMPEL PRODUCTION

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150  | Seattle, WA 98101
Phone:  206-693-7057  | Fax: 206-693-7058

Appeals Specialist, Hartford, attached as Exhibit "B" to the Declaration of Russell S. Buhite filed herewith.   Further, Hartford retains outside medical vendors to arrange reviews of claimants' medical conditions and records. As part of this retention, Hartford may suggest or request that an independent review be conducted by a physician within a particular medical specialty, but the outside medical vendor retains sole discretion in assigning physician(s) with the appropriate medical certification, specialty, or skill to conduct the independent reviews requested by Hartford.   In addition, the claims and appeals decision-makers have no affiliation, financial or otherwise, with the outside medical vendors or the physicians employed by the outside medical vendors.   The independent contractor relationships with vendors do not impact or affect benefits decisions at all and all payments made to the vendors are made in the normal course of business to the vendor and not any physician.   *Id.*   at Par. 16-20.

The same holds true in regard to the vendor for surveillance tasks, HUB Investigations, which is an independent private company with no financial relationship with Hartford other than an independent contractor for which Hartford pays contracted services.   *See* https://www.hubenterprises.com.   Plaintiff has submitted no evidence whatsoever that there is any financial relationship other than as described and nor does the court in *Hertz v. Hartford Life & Acc. Ins. Co.*, 991 F.Supp.2d 1121 (D. Nev. 2014) cited by Plaintiff.

## 2.     Personnel Records and Performance Evaluations of Hartford Claims Personnel

Plaintiff's Requests for Production Nos. 1-3 seek performance evaluations and compensation information, as well as the location of certain employees involved in reviewing the claim.   While Plaintiff describes these requests in general terms in his motion, the actual requests are quite broad and intrusive.   For example, in Request No. 1, Plaintiff seek production of "all reviews, performance evaluations, bonus evaluations, and other documents that summarize Your

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150  | Seattle, WA 98101
Phone:  206-693-7057  | Fax: 206-693-7058

evaluations of work performance and change in wage, compensation, benefits and/or the award of bonus based on performance, for the period January 1, 2004 through December 31, 2017, [for listed employees]."  Hartford objected that the request is also outside the scope of discovery under Rule 26(b)(1) because the information sought is not germane to any disputed issue in this case and because the burden of responding to the request is not proportional to the needs of this case. Hartford also objected to this request to the extent that it seeks confidential and proprietary information, and sensitive personal information for individuals entitled to a reasonable expectation of privacy as to their personal affairs.  For the same reasons, Hartford objected to responding to Requests 2 and 3 seeking an organizational chart and job title(s) and job duties, supervisor(s), department(s), and work locations(s) for lists of employees.

The sort of information sought by Plaintiff in these Requests has been found overbroad and not discoverable in ERISA cases because the Requests were not narrowly tailored to the issue of conflict of interest.  *See Bartholomew v. Unum*, 579 F.Supp.2d 1339, 1340-41 (W.D. Wash. 2008)(holding discovery is beyond ERISA's limitations when seeking the "[n]ames and addresses of everyone... involved in processing, investigating and evaluating Plaintiff's application"; *Duran v. Cisco Systems, Inc.*, 258 F.R.D. 375, 382 (C.D. Cal. 2009)(denying as overbroad and intrusive of third-party privacy interests discovery seeking names, employment history, educational background of employees who determined entitlement to plaintiff's benefits). *See also Winterbauer v. Life Ins. Co. of North America*, 2008 WL 4643942, *8-9 (E.D. Mo. 2008)(holding discovery requests seeking personal and financial information of employees involved in evaluating plaintiff's claim is not relevant to the conflict analysis); *Fischer v. Life Ins. Co. of North America*, 2009 WL 734705, *5 (S.D. Ind. 2009)(denying requests for production related to personnel files on grounds that "…in addition to being particularly

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150  | Seattle, WA 98101
Phone:  206-693-7057  | Fax: 206-693-7058

sensitive, [they] are less connected to the conflicts analysis"). When this sort of discovery has been allowed, it has generally been limited to permitting discovery pertaining to any financial incentives given to employees involved in denying the plaintiff's claim. *Id.* at *4 (collecting cases).

Despite this case authority, Hartford has offered as a compromise to Plaintiff - production of its Hartford bonus plan document effective January 1, 2015 forward to the present - as opposed to producing individual personnel file performance reviews. This would provide annual incentive plan information for the relevant employees for the period of time in question without impinging on the privacy of the employees in question. Plaintiff's counsel has rejected this compromise offer. *See* Declaration of Russell S. Buhite and Exhibit "A" thereto.

Moreover, as the Affidavit of Ms. Haselmayer makes clear, there are no financial incentives, remuneration, bonuses, awards, achievements, or other recognition based in whole or in part on denial or termination of claims. These personnel are paid fixed salaries and performance bonuses that are wholly unrelated to the number of claims paid or denied. *See* Haselmayer affidavit, Par. 8.

### 3.    Plaintiff's Request that Hartford Search its Computer Records for Additional Information for the Administrative Record

In Requests 6-9, and 13, 14, 16, Plaintiff requests that Hartford produce all communications regarding Plaintiff's claim and to conduct an additional computer forensic review of all desktop computers and laptop computers used by all people who had any involvement in Plaintiff's Claim and "all document storage, claim management and email systems" for documents mentioning Plaintiff's claim and to produce documents revealed. Hartford has responded that it has produced the entire claim file pertaining to Plaintiff's claim. To require Hartford to respond to Plaintiff's fishing expedition by conducting an additional

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

intrusive forensic search of its computer records without any showing whatsoever that Hartford has withheld any documents, is unwarranted and goes beyond the scope of allowable discovery in this ERISA case. The requests are harassing, unduly burdensome, oppressive, and overly broad and, as such, the burden of responding to the request is not proportional to the needs of this case. While it is clear that Plaintiff is entitled to receive the entire administrative record for the claim, this set of documents has already been produced.

Plaintiff's Motion relies for support on the contention that the entire record must not have been produced by reference to counsel's declaration. Neither this declaration, nor the attached 1,186 pages of the administrative record of the claim, provides any basis for this contention. Plaintiff argues that the response "make[s] clear that Hartford has not searched to ensure the record is complete with all communications." Yet, beyond this expression of opinion, Plaintiff has proffered no support for the conclusion that Hartford has not adequately searched for and produced the entire record, and has identified nothing in the record that was provided that would lead to the conclusion that additional records are missing. To conduct yet more searches, including a computer forensic review, is just the sort of fishing expedition that courts in these ERISA cases have found improper. *See Takata*, 2012 WL 12830390, *3 (E.D. Wash. 2012).

III.     **PLAINTIFF'S MOTION RELIES ON DISTINGUISHABLE AUTHORITY**

In support of his Motion, Plaintiff relies heavily on a Nevada District Court case, *Hertz v. Hartford Life & Acc. Ins. Co*., 991 F.Supp.2d 1121 (D. Nev. 2014) in support of the request for additional discovery. That reliance is misplaced. *Hertz* is distinguishable from this case. In *Hertz*, involving claim reviews taking place from six to eleven years ago, the Court made note of several facts that are distinguishable from the record here. First, the Court noted that Hartford had failed to supplement its initial disclosures with relevant information. *Id*. at 1134. Further,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone:  206-693-7057 | Fax: 206-693-7058

the Court found that Hertz made a showing that the decision may have been tainted by self-interest. *Id*. at 1135.   In addition, the Court asserted that HUB appeared to have cherry-picked video surveillance.  Finally, the Court found fault with Hartford's failure to obtain an IME and what it felt was its failure to properly consider the treating physician opinions or the Social Security determination. *Id*. at 1140-1141.

By contrast, in the present case, Hartford's review was thorough, involved an in-person IME by Dr. Egan (as opposed to a paper review), a review of all of the medical information in the file, consideration of treating physician opinions, as well as surveillance and an interview of the Plaintiff.  No evidence has been proffered here that HUB did not provide Hartford with all of its video showing activity of the Plaintiff or that it failed to describe all of its surveillance. The records makes clear that the surveillance summary and video was reviewed and described in the claim file.  No evidence has been proffered that the independent third-party medical review vendor, MES Solutions (importantly, a different vendor than the "MLS Group of Companies" involved in *Hertz*), behaved in an improper fashion in performing its sole role in arranging for the IME by neurologist, Dr. Robert Egan. Further, unlike in *Hertz*, Hartford explained why in denying Plaintiff's entitlement to further benefits it reached a different decision than the Social Security Administration.  Hartford also conducted an employability analysis in determining that Plaintiff was not prevented from performing the essential duties of "any occupation" as defined by the policy.

In short, Plaintiff cites the *Hertz* case for support that Hartford has conducted its claims investigation as to Mr. Black in an identical fashion and has engaged in some nefarious pattern of conduct. That is simply not the case here, where Hartford engaged a different vendor to contract with an appropriate IME doctor, and has conducted its full and fair review as set forth in

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150  | Seattle, WA 98101
Phone:  206-693-7057  | Fax: 206-693-7058

the administrative record, which record shows a completely different set of facts than that presented in *Hertz*. The Court should review this case based on the particular record obtained and, where counsel has made a particular showing of the need, allow only limited and targeted discovery that is narrowly tailored to illuminating the structural conflict.

## IV.    CONCLUSION

The Court should deny Plaintiff's Motion to Compel for the foregoing reasons. First, in regard to the conflict discovery requested, Plaintiff has not made the requisite showing that the documentation sought is narrowly tailored to significantly illuminate the structural conflict's effect on the benefits decisions. Second, in regard to personnel file information, the request is not proportional to the needs of the case and would involve violation of privacy rights. Third, in regard to completeness of the record, Hartford has already produced its entire claim file including all documentary material, videotape, and audiotape contained therein. To require further computer forensic searches is not warranted and represents a fishing expedition that is inappropriate in an ERISA case.

Dated:  June 27, 2018

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By:  /s/ RUSSELL S. BUHITE
        Russell S. Buhite, OR 14529
        Russell.Buhite@ogletree.com
        206-693-7052
        Attorneys for Defendant

11 – MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL PRODUCTION

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150  | Seattle, WA 98101
Phone:  206-693-7057  | Fax: 206-693-7058

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2018 I served the foregoing MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL PRODUCTION on:

> Megan E. Glor
> Email: megan@meganglor.com
> John C. Shaw
> Email: john@meganglor.com
> 707 NE Knott Street, Ste. 101
> Portland, OR 97212
> T: (503) 223-7400
> F: (503) 751-2071
>
> Attorney for Plaintiff David Black

☒    by **electronic** means through the Court's eFile and Serve system.

☐    by **mailing** a true and correct copy to the last known address of each person listed above.  It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Seattle, Washington.

☐    by causing a true and correct copy to be **hand-delivered** to the last known address of each person listed above.  It was contained in a sealed envelope and addressed as stated above.

☐    by causing a true and correct copy to be delivered **via overnight courier** to the last known address of each person listed above.  It was contained in a sealed envelope, with courier fees paid, and addressed as stated above.

☐    by **e-mailing** a true and correct copy to the last known email address of each person listed above.

By: /s/ *Russell S. Buhite* _____
       Russell S. Buhite, OR 14529
       (206) 693-7052

33834909.1

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150  | Seattle, WA 98101
Phone:  206-693-7057  | Fax: 206-693-7058